**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISI DIVISION**

| | | |
|---|---|---|
| **J.A., b/n/f ALFREDO ALVAREZ** | **§** | |
| **Plaintiffs,** | **§** | |
| | **§** | |
| **vs.** | **§** | **CASE NO. 2:17-cv-182** |
| | **§** | |
| **CORPUS CHRISTI INDEPENDENT** | **§** | |
| **SCHOOL DISTRICT,** | **§** | |
| **Defendant** | **§** | |

**CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION TO APPOINT NEXT FRIEND.**

NOW COMES Defendant, Corpus Christi Independent School District ("CCISD") and files its Response to Plaintiff's Motion to Appoint Next Friend, and shows the following:

## I. PERTINENT PROCEDURAL HISTORY

1. Plaintiff Alfredo Alvarez, as next friend of his minor child, J.A., filed suit on June 4, 2017, asserting claims for violation of J.A.'s rights under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), and Title IX of the Education Amendments of 1972 ("Title IX"). Dkt. No. 1.

2. Plaintiff filed a Motion to Appoint Next Friend on April 11, 2019 and on April 25, 2019, requesting this Court appoint Mr. Alvarez to represent his son, J.A., "as next friend" as contemplated by Federal Rules of Civil Procedure 17 and T.A.C. §89.1170(e). Dkt. Nos. 48 and 49. Plaintiff further states that J.A. turned eighteen (18) on November 28, 2018.

3. CCISD timely files this response, respectfully requesting Plaintiff's motion be denied. *See* L.R. 7.3.

## II. ARGUMENT AND AUTHORITIES

4. According to Plaintiff's Motion, J.A. has reached the age of majority and is a legal adult. Plaintiff Mr. Alvarez has not provided any authority showing that J.A. has been declared incompetent, nor any evidence that Plaintiff has been granted guardianship of J.A. under Texas law, nor the absence of any other guardian appointed under Texas law. Plaintiff seeks appointment as next friend under FRCP 17 and Texas Administrative Code §89.1170(e). Dkt. Nos. 48, 49. FRCP only provides for the appointment of a representative or next friend for "minors" or "incompetents." Fed. R. Civ. P. 17. Plaintiff's Motion avers that J.A. is no longer a minor, but provides no evidence that he has been deemed incompetent. Dkt. No. 48, 49. Such a determination is a prerequisite to appointment of a representative for an alleged "incompetent" person under FRCP 17. *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). Fifth Circuit precedent makes clear that this determination is for the limited purpose of litigating in federal court. *See id.*

5. Also under FRCP 17, Plaintiff's capacity to sue on behalf of J.A. is determined by Texas state law. *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 163 (5th Cir. 2016); *see Slade v. La. Power & Light Co.*, 418 F.2d 125, 126 (5th Cir.1969) (holding that if a state-appointed guardian lacks capacity to sue under state law, he lacks the capacity in federal court under Rules 17(b) and (c)). Texas state law provides an exclusive grant of representational authority to the following person: "The guardian of the estate of a ward appointed in this state may commence a suit for ... the recovery of personal property, debts, or damages...." Tex. Estates Code Ann. § 1151.104(a)(1); *see also Rideau*, 819 F.3d at 164. The Fifth Circuit recently clarified in *Rideau* that only a state-appointed guardian may sue in federal court on behalf of

an incapacitated adult ward. 819 F.3d at 163-64. Here, there is no evidence that Plaintiff has been appointed J.A.'s guardian, nor any evidence provided showing that there is no other state-appointed guardian. Dkt. Nos. 48, 49.

6. Plaintiff also seeks appointment of Plaintiff as Next Friend pursuant to Texas Administrative Code §89.1170(e). Dkt. Nos. 48, 49. This provision of the Texas Administrative Code provides:

> (e) A hearing officer has the authority to administer oaths; call and examine witnesses; rule on motions, including discovery and dispositive motions; determine admissibility of evidence and amendments to pleadings; maintain decorum; schedule and recess the proceedings from day to day; and make any other orders as justice requires, including the application of sanctions as necessary to maintain an orderly hearing process.

However, a hearing officer appointed by the State of Texas, recently issued an Order finding that Plaintiff could not bring a due process request under the Individuals With Disabilities Education Act on behalf of J.A. until he goes through the process provided in Texas law to transfer authority. *See* Ex. A-1. This ruling is in accordance with the IDEA's text, as well as Fifth Circuit precedent holding that once a child reaches age of majority, the parent does not have standing to bring claims under IDEA unless the parent shows the adult child is incompetent. *See* 20 U.S.C. §1415(m)(1)(B); 34 C.F.R. §300.520 (providing that when a student reaches the age of majority, "all other rights accorded to parents under this subchapter transfer to the child," unless the child has been determined to be incompetent under state law); *Susan R.M. v. Northeast Indep. Sch. Dist.,* 818 F.2d 455, 458 (5th Cir. 1987); *Charles L.M. ex rel. Susan R.M. v. Ne. Indep. Sch. Dist.,* 995 F.2d 222 (5th Cir. 1993). Texas law provides for an incompetency exception to the transfer of rights, providing that unless the student's parent or other individual has been granted guardianship of the student as set out under the Texas

Estates Code, Title 3, Guardianship and Related Procedures, all rights granted to the Parents under the IDEA, other than the right to receive any notice required under the IDEA, Part B, will transfer to the Student upon reaching age 18. 19 Tex. Admin. Code §89.1049. Thus, while this Court has authority to appoint a next friend under FRCP 17, in the absence of a state-appointed guardian (*Rideau*), it may not be used as a collateral attack on a Texas administrative judge's prior order on the issue. *Thomas*, 916 F.2d 1032. Thus, CCISD respectfully requests that in the event this Court determines that J.A. is incompetent, and that there is no state-appointed guardian, and that Plaintiff should be appointed as next friend under FRCP, that the Order make clear that it is for the limited purpose of prosecuting this litigation in federal court.

## III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court deny Plaintiff's Motion to Appoint Next Friend. In the alternative, if the Court determines that Plaintiff meets the requirements for appointment under FRCP 17, that the Order make clear that it is for purposes of litigation in federal court only, and furthermore grant the District any and all relief to which it is justly entitled.

Respectfully submitted,

By: /s/ *Katie E. Payne*

Katie E. Payne
State Bar No. 24071347
Federal ID No.: 1786856
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
E-Mail: kpayne@wabsa.com
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**OF COUNSEL:**
**WALSH GALLEGOS**
**TREVIÑO RUSSO & KYLE P.C.**

**ATTORNEY IN CHARGE FOR DEFENDANT**

By: /s/ *D. Craig Wood*
D. Craig Wood
State Bar No. 21888700
Federal ID No.: 979301
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
E-Mail: cwood@wabsa.com
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**OF COUNSEL:**
**WALSH GALLEGOS**
**TREVIÑO RUSSO & KYLE P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April 2019, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system and notification of filing was sent to:

Mr. Martin J. Cirkiel
Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664

Mr. Tim Raub
The Raub Law Firm
814 Leopard Street
Corpus Christi, Texas 78401

*/s/ Katie E. Payne*
Katie E. Payne