**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **J.A., INDIVIDUALLY; b/n/f** | § | |
| **ALFREDO ALVAREZ** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.: 2:17-cv-00182** |
| **v.** | § | |
| | § | |
| **MERIDIAN INDEPENDENT** | § | |
| **SCHOOL DISTRICT AND BOSQUE** | § | |
| **COUNTY EDUCATIONAL** | § | |
| **COOPERATIVE** | § | |
| **Defendants.** | § | |

## PLAINTIFF' REPLY TO CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION TO APPOINT NEXT FRIEND

Plaintiffs asked this Court to appoint Alfredo Alvarez the natural father of the Plaintiff in this cause, J.A. as "next friend" for his son [DE# 48, 49] pursuant to Federal Rules of Civil Procedure 17.

Corpus Christi Independent School District then filed their *Response To Plaintiff's Motion To Appoint Next Friend* in which they objected to Plaintiffs request. [DE #51].

They first state that there is no evidence in the record that J.A. is incompetent. Plaintiffs first ask the Court to take Judicial Notice, pursuant to Federal Rules of Evidence 201, of the Educational Records filed in this cause [DE# 1, par. 1; DE# 25, p. 98-99/133; fn. #3]. Further, that such records, evidence that J.A. is a student with multiple disabilities that have significantly affected his mental development, requiring special education services at school to address these issues. These facts have not been contested by the School District Defendant and in fact have

been relied upon in their own pleadings. [DE# 07]. Plaintiffs reasonably believe they have provided the factual predicate needed for such appointment.

In addition, they cite *Rideau v. Keller Indep. Sch. Distr*., 819 F.3d 155, 163 (5th Cir. 2016) for the proposition that if a state appointed guardian lacks capacity to sue under state law, they lack capacity to do so in federal court as well. This case does not help Defendants. First, there is no guardianship in this case, so it is inapplicable. Second, and in any case, in Rideau the young man had a Guardian of the Person, his parents and a Guardian of The Estate, a trust company. In Texas law only a Guardian of the Estate can bring a lawsuit in federal court, see Texas Estates Code § 1151.001, but in that case the family filed the lawsuit in federal court- hence the decision that parents had no authority under Texas law to file a lawsuit.

The issue of the Texas Administrative Code, 29 TAC 89.1170 pertains to a parent's ability to address special education issues when their child turns 18 years old. First, this section was added in error and is not relevant to the request. Second, and in any case, there are no special education issues relevant to this cause.

As such, Plaintiffs re-urge the proposition that Mr. Alvarado be appointed "best friend" in this cause and Defendant's objection be denied.

Respectfully submitted,

/s/ Martin Cirkiel
Martin J. Cirkiel
SBN 00783829
Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]

(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Timothy D. Raub
SBN 00789570
Raub Law Firm, P.C.
814 Leopard Street
Corpus Christi, TX 78401
(361) 880-8181 [Telephone]
(361) 887-6521 [Facsimile]
timraub@raublawfirm.com [Email]

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on this 14th day of May, 2019, by USPS Certified Mail as ordered by the Court:

Brian S. Nelson
General Counsel
Office of Legal Services
Corpus Christi Independent School District
801 Leopard Street
Corpus Christi, Texas 78401
brian.nelson@ccisd.us
Telephone (361) 695-7427
Facsimile (361) 844-0283

**ATTORNEY FOR DEFENDANT**